AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> RYAN M MAHER <br><br> Defendant. | ) ) ) ) ) ) ) ) )    Case No.  5:20- MJ-595 (TWD) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date(s) of November 17, 2020 in the county of Onondaga in the Northern District of New York the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(2)(B) | Knowingly receiving any material that contains child pornography using any means or facility of interstate or foreign commerce or that has been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer. |

This criminal complaint is based on these facts:
See Attached Affidavit

☒   Continued on the attached sheet.

_____
*Complainant's signature*

Martin Baranski, Special Agent
_____
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: November 17, 2020
_____

_____
*Judge's signature*

City and State:   Syracuse, NY

Hon. Thérèse Wiley Dancks, U.S. Magistrate Judge
_____
*Printed name and title*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, MARTIN BARANSKI, being duly sworn, depose and state as follows:

**INTRODUCTION**

1. I am a Special Agent employed by the United States Department of Justice, Federal Bureau of Investigation (FBI), and as such I am an "investigative or law enforcement officer" of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Chapter 63. I have been a Special Agent with the FBI since October of 2018. I am currently assigned to the FBI's Albany Division where I investigate all federal criminal violations. I have participated in investigations of persons suspected of violating federal child pornography laws, including Title 18, United States Code, Sections 2252 and 2252A. I have received training in the area of child sexual exploitation and have had the opportunity to observe and review examples of child pornography in all forms of media including computer media.

2. This affidavit is offered in support of a criminal complaint and arrest warrant charging Ryan M. Maher with violating 18 U.S.C. § 2252A(a)(2)(B) (receipt of material containing child pornography).

3. The statements in this affidavit are based upon my investigation, information provided to me by other law enforcement officers and on my experience and training as a special agent of the FBI. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included all facts known to me concerning this

1

investigation. I have instead set forth only the facts that I believe are necessary to establish probable cause to believe that Maher has violated 18 U.S.C. § 2252A(a)(2) (receipt of child pornography).

## PROBABLE CAUSE

4. On January 27, 2020, a technology company specializing in internet-related services and products reported an incident of apparent child pornography to the National Center for Missing and Exploited Children (NCMEC). Specifically, the company reported that an image depicting apparent child pornography was associated with an account held by one of the company's account holders.[1] Subscriber records identified Ryan Maher as the account holder and set forth associated telephone numbers, email addresses, and IP connection information.

5. The IP connection information led investigators to subscriber information for an internet service provider that resolved to a service address in Syracuse, New York. Additional investigation established that Ryan Maher and another individual (whose name was on the internet service provider's subscriber records) were possible residents at the residence in Syracuse.

6. Specifically, on May 4, 2020, NYSP Investigator Marcia Pooler conducted an eJustice Criminal History check that revealed that Ryan M. Maher is a registered sex offender stemming from a conviction in April 2012 on the charge of New York State Penal Law, Sexual

---

[1] The image reported to NCMEC depicted a prepubescent female child, approximately six or seven years old, exposing her vagina in a lewd and lascivious manner. The image is available to the Court upon request.

2

Abuse 2nd. Your affiant has also reviewed Ryan Maher's criminal history, and it reflects his conviction for Sexual Abuse in the Second Degree in 2012.

7. On May 4, 2020, NYSP Investigator Marcia Pooler conducted a check of the New York State Sex Offender Registry which showed that Ryan Maher's then current address was the address in Syracuse described above. The sex offender registry also listed two of Ryan Maher's reported email addresses, one of which matched one of the email addresses reported to NCMEC as associated with the account that contained the image of child pornography.

8. On July 21, 2020, NYSP Investigator Laura Croneiser obtained a New York State search warrant for content contained within the email accounts disclosed to NCMEC.

9. On October 30, 2020, NYSP Computer Crimes Unit (CCU) reviewed the search warrant results for the email accounts and observed that GPS location data showed the account active in the area of a residence in Cicero, New York around December 2019 and also in the area of the residence described above in Syracuse, New York.

10. On November 17, 2020, the NYSP executed a search warrant at the residence located in Cicero, New York. During the search of that residence, law enforcement recovered a 4GB "Dane Elec" thumb drive from a dresser located in a bedroom that appeared to be occupied by Ryan Maher. That device was forensically examined at the scene by NYSP CCU. NYSP CCU reported that, upon review, they saw folders labeled "PICTURE" and "VIDEO." Within the "PICTURE" folder were numerous sub-folders, including folders labeled: TODDLER COCK, TODDLER PROSTITUTE, TODDLER PUSSY. Within those sub-folders images of child pornography were observed that included numerous images of prepubescent juvenile females engaging in sexual acts with adult males and posing with their nude genitals exposed in a lewd and lascivious manner. Over 4,000 images were observed, and the majority were observed to be

3

images consistent with child pornography. A folder titled "VIDEO" contained 5 videos of child pornography. The videos were of prepubescent juvenile males and females engaging in sexual acts with adults.

    a. Image 1581241944291.jpg was observed in a folder titled "Toddler cock" and is of an adult white male's erect penis being pressed against a nude white female toddler's vagina. The toddler appears to be approximately 2-3 years of age.

    b. Image titled 1581967154549.jpg in the folder "Toddler Cock" was observed and is of a white male's erect penis penetrating the nude vagina of a white female toddler. The toddler appears to be approximately 2-3 years of age.

    c. Image titled 1581273524328.jpg was observed in the folder "Toddler Cock" and is of an adult male's erect penis penetrating the female toddler's vagina. The toddler appears to be approximately 2-3 years of age.

11. The child exploitation material is available to the court upon request.

12. In a *Mirandized* audio and partly video recorded interview performed by FBI Task Force Officer (TFO) Andrew Wilmot and NYSP Inv. Henry Esche, Maher admitted the image obtained from the CyberTip was on his cellular telephone and, as a result, the internet services company had deactivated his account sometime around April 2020. Maher initialed the printed

copy of the CyberTip image, in confirmation that he received that image. Maher denied that he had produced the image or that he had subjected a child to sexual contact since his arrest in 2013.

13. During the interview, Maher signed a consent to search his cellular telephone and agreed to submit to a polygraph examination to confirm his denial that he had not subjected a child to any type of sexual contact since he was last charged with such conduct.

14. Subsequent to a polygraph examination, TFO Wilmot and NYSP Inv./Polygrapher Jeffrey Duck interviewed Maher further, during which Maher admitted the Dane Elec 4GB thumb drive belonged to him. He further admitted that he downloaded the child pornography from the internet and placed the downloaded child pornography onto the thumb drive for storage. Maher further stated that he has compiled child pornography since 2007, and he accepted responsibility for any such searches and/or material relative to child pornography that may be found on a Lenovo Yoga laptop also seized during the search. Maher stated that the laptop belonged to his girlfriend, but she had no knowledge of his activity nor any involvement in the viewing or downloading child pornography.

## CONCLUSION

15. Based upon the above information, there is probable cause to establish that Maher violated 18 U.S.C. § 2252A(a)(2)(B) (receipt of material containing child pornography), and I request that a criminal complaint and arrest warrant be issued pursuant to these violations of federal law.

ATTESTED TO BY THE APPLICANT IN ACCORDANCE WITH THE REQUIREMENTS OF RULE 4.1 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE.

Martin Baranski
Special Agent
Federal Bureau of Investigation

I, the Honorable Hon. Thérèse Wiley Dancks, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on November 17, 2020, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
Hon. Thérèse Wiley Dancks
U.S. Magistrate Judge