UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

```
*************************************|
                                     |
UNITED STATES OF AMERICA             |    Criminal No. 5:21-cr-275 (GTS)
                                     |
      v.                             |
                                     |
RYAN M. MAHER   ,                    |    Government's Sentencing Memorandum
                                     |
            Defendant.               |
                                     |
*************************************
```

**I.     Introduction**

Defendant Ryan M. Maher is scheduled for sentencing on January 25, 2023, following his conviction by conditional guilty plea to one count of receipt of child pornography and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (a)(5)(B). The government agrees with the facts, criminal history category, guidelines calculation, and statutory sentencing requirements reflected in the Presentence Investigation Report ("PSR"). The government respectfully requests that this Court sentence the defendant principally to a guideline term of imprisonment of 324 months, the bottom his guideline range.

**II.    A Guidelines Sentence is Appropriate**

A guidelines sentence is appropriate here. The defendant is a registered sex offender due to a 2012 conviction for Sexual Abuse in the Second Degree in New York, which offense involved the defendant exposing his penis to a toddler, making the child touch it, and the defendant masturbating and ejaculating on the child's face and mouth. The defendant's criminal history also includes a sex offender registration violation and a conviction for acting in a matter injurious to a child in 2013. With respect to the latter offense, police reports reflect that a 4-year-old victim made disturbingly similar allegations to the ones that led to the defendant's 2012 Sexual Abuse

conviction. Specifically, as reflected in the PSR, this 4-year-old victim disclosed that, (a) on at least one on occasion, she touched and rubbed the defendant's penis and he masturbated in front of her until he ejaculated; and (2) she played the "picture game" with the defendant multiple times, and it involved nude pictures. Although the defendant did not admit to the sexual abuse itself in 2013, the police reports reflect that he did admit to masturbating in the bathroom when the child walked in. The similarity between the defendant's 2012 conduct and the allegations by the 4-year-old in 2013, combined with the defendant's partial admission in 2013 that his penis was exposed to the 2-year-old in the bathroom while he was masturbating, constitute compelling evidence that the 4-year-old's account was accurate.[1]

//

//

//

//

//

//

//

//

//

---

[1] The police report includes quotes from the victim made to a New York State Police Investigator. The government reserves the right to provide the reports to the Court and/or to present the Investigator (or other witnesses) at a hearing to prove up this instance of abuse under U.S.S.G. § 2G2.2(b)(5) (pattern of activity involving the sexual abuse or exploitation of a minor) if the defendant challenges that enhancement.

Against that background and the defendant's additional, significant criminal history, the defendant's conduct here is especially concerning. Moreover, although the defendant's background is tragic if his personal reports of abuse are accurate, his upbringing appears to have contributed to his completely warped sense of appropriate relationships between adults and children. The combination of the defendant's criminal history and background suggests the defendant remains a serious risk for reoffending.[2]

CARLA B. FREEDMAN
United States Attorney

By: *Michael Gadarian*  
Digitally signed by MICHAEL GADARIAN
Date: 2023.01.03 17:39:13 -05'00'

Michael D. Gadarian
Assistant United States Attorney
Bar Roll No. 517198

---

[2] The government reserves the right to respond to defense arguments raised for the first time in its filing earlier today or after the filing of this memorandum. The government respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, except for the confidential sentencing recommendations submitted by the United States Probation Office.