UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

  -v-                                            CASE NO: 5:21-cr-003275
                                                      Hon. Glenn T. Suddaby

RYAN M. MAHER

---

**DEFENDANT'S FIRST SENTENCING MEMORANDUM**

DATED: January 4, 2023                  Respectfully submitted,

                                                                LISA A. PEEBLES
                                                                 Federal Public Defender

                                                                 By: JOHN J. GILSENAN, ESQ.
                                                               Assistant Federal Public Defender
                                                               Bar Roll No. 700557
                                                               4 Clinton Square, 3rd Floor
                                                               Syracuse, NY 13202

## I. UNDER § 3553 (A) (1), A 180-MONTH SENTENCE IS WARRANTED.

Ryan Maher pled guilty to one count of receipt and one count of possession of child pornography. He never actively traded the material with other offenders, nor did he chat online about abusing children. His offense was limited to receiving and possessing images and videos he downloaded. Due to a 2012 misdemeanor conviction, this conviction requires a 180-month mandatory minimum sentence. Ryan's advisory guidelines, as scored by U.S. Probation, are 324-405 months. We ask the Court to impose a 180-month sentence for these reasons:

1. Because the government has not established by a preponderance of the evidence that Ryan committed a second sex offense in 2013, the 5-level "pattern enhancement" under § 2G2.2 (b) (5) should not be scored. PSR ¶ 25. Without the 5-level enhancement, Ryan's advisory range is 188-235—only 8 months greater than the mandatory minimum. **Mr. Maher respectfully requests a hearing on this issue.**

2. Ryan's offense didn't involve many of the common aggravating facts associated with this offense: active trading of child pornography, membership in online trading groups, or chatting online about child abuse. *See* PSR ¶¶ 9-14. He did not encourage other offenders to "produce" child pornography. *Id*. The absence of this conduct, plus the decade-plus since his prior conviction, demonstrates that Ryan is not a danger to the community and does not support an advisory guideline sentence two to three times longer than the mandatory minimum. *See* § 3553 (a) (1).

3. Ryan cooperated with investigators by waiving his *Miranda* rights, admitting to

his offense, and describing how he obtained the materials. In addition to his acceptance of responsibility, this conduct demonstrates respect for the law, and further supports a 180-month sentence. *See* § 3553 (2).

4. Ryan has serious health issues. An accident as a teenager has left him with continual seizures that have worsened over time. PSR ¶ 65. His poor health makes him less of a risk to public safety and supports a 180-month sentence. *See* § 3553 (a) (1).

5. Considering Ryan's characteristics and the circumstances of his offense, an advisory guideline sentence is greater than necessary and is at odds with 18 U.S.C. § 3553 (a).

## II. THE CHILD PORNOGRAPHY GUIDELINE UNDER § 2G2.2 IS IRRATIONAL.

The Sentencing Guidelines were a hot topic during Justice Ketanji Brown Jackson's Senate confirmation hearings in April 2022. The chairman of the Senate Judiciary Committee, Senator Dick Durbin of Illinois, and Justice Brown Jackson had this to say about how **universal** downward variances have become in child porn cases:

> "**Senator Durbin**: What we are dealing with here is an issue, which this committee and Members of the committee have not wanted to admit—the original law was written years ago, when the quantity of material was relevant to sentencing. Now that we have computer access to voluminous amounts of material, it has, raised the question has it not within the Judiciary about the appropriate sentencing in today's circumstances. This was a question that was raised before the sentencing commission, was it not?
>
> **Justice Brown Jackson**: The guideline was based originally on a statutory scheme and directives, specific directives by Congress **at a time which more serious child pornography offenders were identified based on the volume, based on the number of photographs they received in the mail and that made total sense before when we did not have the internet, when we did not have**

3

**distribution**. The way it is now structured based on those circumstances is leading to extreme disparities in the system because it is so easy for people to give volumes of this material now by computers, it is not doing the work of differentiating who is a more serious offender in the way that it used to. The Commission has taken that into account more importantly courts are adjusting their sentences in order to account for the change in circumstances."[1]

In response to criticism for herself imposing downward variances in child pornography cases, Justice Brown Jackson told the committee:

Congress is tasked with the responsibility of setting penalties. Congress tells judges what to do when we sentence. Congress has to determine how it wishes for judges to handle these cases, **but as it currently stands the way the law is written, the way Congress has written the law is not consistent with the way these crimes are committed.** There are judges who are varying because our ultimate charge from Congress is to sentence in a way that is sufficient but not greater than necessary to promote the purposes of punishment.[2]

Justice Brown Jackson's comments weren't just partisan rhetoric. They are borne out by the data across all federal districts. Because child pornography files are obtained and traded almost exclusively on the internet, over 56% of the almost 60,000 cases reported to the United States Sentencing Commission in 2021 involved "distribution" and/or "receipt."[3] Among those cases, almost **60%** of all offenders received a non-guideline sentence in the form of a downward variance.[4] These variances amounted to an average sentence reduction of **40.8%** from the original guidelines range.

This data shows that judges across the country are granting downward variances

---

[1] *The Nomination of Ketanji Brown Jackson to be an Associate Justice of the Supreme Court of the United States: Hearing Before the Senate Committee on the Judiciary*, 117th Cong., March 22, 2022 (statements of Senator Dick Durbin and Justice Ketanji Brown Jackson) (accessed at https://www.c-span.org/video/?518342-1/confirmation-hearing-supreme-court-nominee-ketanji-brown-jackson-day-2) (emphasis added).

[2] *Id*. (emphasis added).

[3] U.S. Sentencing Comm'n, FY 2021, Quick Facts: Child Pornography Offenders (attached as Exhibit 1).

[4] *Id*. at 2.

4

to account for the fact that the current rules were introduced before the advent of the internet. A time "when we did not have distribution" and when more serious offenders were identified through volume—based on the number of photographs they received via U.S. Mail.[5]

Ultimately, the reality is that child pornography offenses are almost exclusively committed via the internet—often instantaneously through social media applications that use "instant messaging" type functions that allow offenders to rapidly trade and receive hundreds of video clips and images. Yet, internet child pornography offenders are being subjected to punishments intended by Congress for offenders who have spent many years amassing large collections through the mail.

Here, application of analog guidelines to a digital offense, results in a whopping 13-level increase in Ryan's offense level. Setting aside the 5-level increase under § 2G2.2 (b) (5), these enhancements push his advisory range from 180-188 months (a product of the mandatory minimum) to 324-405 months. Beginning with an offense level 27, 2 levels were scored for use of a computer—a characteristic of almost all offenses scored under § 2G2.2. PSR ¶ 26.  Ryan also received an additional 5-level increase for possessing 600 or more images. PSR ¶ 27. Did Ryan amass a collection of 600 images depicting 600 different children? No. Each video clip, no matter the length, is scored as 75 images. *See* Note 6, U.S.S.G § 2G2.2 (b) (7).

Applying these guidelines results in a sentencing range of 27 to 33 ¾ years. A range intended for the most serious offender who likely spent years fueling the market for child pornography. Stripping away those 13-levels results in a range only slightly

---

[5]     Justice Brown Jackson Nomination Hearing.

above the mandatory minimum. We ask the Court to acknowledge the outdated and irrational nature of these guidelines and to impose a 180-month sentence.

## II. THE COURT SHOULD IMPOSE A BELOW-GUIDELINE SENTENCE BECAUSE GUIDELINE § 2G2.2 DOES NOT ACCURATELY REFLECT RYAN'S CULPABILITY.

In many cases in this district, U.S. Probation has noted that policy concerns about the child pornography guideline, § 2G2.2, may warrant imposing a below-Guideline sentence. PSR ¶¶ 13-26. Many of the enhancements set forth in U.S.S.G. § 2G2.2 have been rejected by federal courts. This is because the sentencing enhancements used to achieve the advisory guideline range under § 2G2.2 are not the product of careful study or empirical data. Under normal circumstances, the Sentencing Commission bases its determinations on empirical data. *Kimbrough v. United States*, 552 U.S. 85, 109 (2007); *see also Gall v. United States*, 552 U.S. 38, 46 (2007) (noting that even though the Guidelines are advisory rather than mandatory, they are [mostly] … the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions."). Yet the child pornography Guidelines at § 2G2.2 were not adopted under normal circumstances. Instead, they were politically dictated by Congress and are contradicted by empirical evidence.

When Guidelines are based on Congressional politics and empirical study, a court is not presented with the "ordinary case" in which the Commission's recommendation of a sentencing range will reflect a rough approximation of a sentences that achieves § 3553(a)'s objectives. *See e.g.*, *Kimbrough*, 552 U.S. at 109 (quoting *Rita*, 551 U.S. at 350); *see also Gall*, 552 U.S. at 46 n.2 (noting that not all Guidelines are tied to empirical evidence). As a result, in these cases, it's not an abuse of discretion for a District Court

to conclude that application of the guideline yields a sentence greater than necessary to achieve § 3553(a)'s purposes even in a mine-run case. *Kimbrough*, 552 U.S. at 109.

In 2013, the Sentencing Commission published a report on the child pornography guidelines reaching the same conclusion. *See U.S. Sent'g Comm'n, Report to the Congress: Federal Child Pornography Offenses (2012)* [hereinafter, "C.P. Report"]. In its report, the Commission stated, "the existing sentencing scheme in non-production cases no longer adequately distinguishes among offenders based on their degrees of culpability." C.P. Report at ii.[6]

This problem has been repeatedly addressed by the Second Circuit. In *United States v. Dorvee*, a defendant pled guilty to distribution of child pornography and was sentenced to the statutory maximum of 240 months. 616 F.3d 174, 178 (2d Cir. 2010). The sentencing court appeared to be "convinced that [the defendant] was a 'pedophile' likely to engage in sexual conduct with a minor." *Id*. at 183.  In vacating the sentence, the Second Circuit found and identified "certain serious flaws" in § 2G2.2. *Id*. at 182. Specifically, the Court found that applying enhancements that are inherent to the crime and, consequently, apply to nearly all defendants, like the § 2G2.2 enhancements, "eviscerates the fundamental statutory requirement in § 3553(a)." *Id*. at 187. *Dorvee* encouraged district judges to recognize their broad discretion in sentencing an offender looped into the § 2G2.2 guideline, calling it an eccentric guideline of highly unusual provenance, which, unless carefully applied, can easily generate unreasonable results.

---

[6] As a result of recent changes in internet technology "four of the six sentencing enhancements in § 2G2.2, those relating to computer usage and the type and volume of images possessed by offenders, which together account for 10 offense levels, now apply to most offenders and, thus, fail to differentiate among offenders in terms of their culpability." *C.P. Report at iii*.

*Id*. at 188. Similarly, in *United States v. Tutty*, the Second Circuit reversed a sentence that followed § 2G2.2 enhancements resulting in a sentence of 168 months for a first-time offender. *United States v. Tutty*, 612 F.3d 128, 129-130 (2d Cir. 2010). The Second Circuit held that the district court failed to recognize its authority to depart from the guideline range of imprisonment based on the policy considerations. *Id*. at 129.

Here, as discussed above, multiple enhancements were applied to Ryan's advisory guideline calculation. *See* PSR ¶¶ 22-35. These same enhancements were criticized in *Dorvee, Tutty*, and *Jenkins* because the court recognized that they apply in virtually every case.  *Dorvee*, 604 F.3d at 96; *Tutty*, 612 F.3d at 132; *Jenkins,* 854 F.3d 181,188 (2d. Cir. 2017). Because they apply almost universally, they cannot be properly viewed as "enhancements" because they don't indicate egregious behavior. Instead, they indicate a mine-run child pornography offense. In sum, these enhancements raise Ryan's advisory guideline range from 180-188 months to 324-405 months. Here, this Court should decline to impose the enhancements on policy grounds and instead impose the 18 U.S.C. § 3553 (a) supported sentence of 180-months.

### III. CONCLUSION

For these reasons, we ask the Court to apply § 3553 (a) (1), especially the facts and circumstances of Ryan Maher and his offense, and to impose a 180-month sentence.

DATED: January 4, 2023                    LISA A. PEEBLES
                                          FEDERAL PUBLIC DEFENDER

                                          By: JOHN J. GILSENAN, ESQ

                                          Assistant Federal Public
                                          Defender Bar Roll No. 700557
                                          4 Clinton Street
                                          Syracuse, New York