# EXHIBIT 1

```
 1  COUNTY COURT OF THE STATE OF NEW YORK
    COUNTY OF MADISON
 2  ----------------------------------------------
    THE PEOPLE OF THE STATE OF NEW YORK,          Waiver & Plea
 3
              -vs-                     Index No.  2014-0057
 4
    RYAN M. MAHAR,
 5                  DEFENDANT.
    ----------------------------------------------
 6                                    Madison County Courthouse
                                      Court Street
 7                                    Wampsville, New York
                                      July 14, 2014
 8

 9  B E F O R E:
                    HONORABLE DENNIS K. MCDERMOTT,
10                        Judge Presiding

11  A P P E A R A N C E S :

12                  WILLIAM GABOR, ESQ.
                    District Attorney Madison County
13                  ELIZABETH HEALY, ESQ.
                    Assistant District Attorney
14

15                  WILLIAM ROTH, ESQ.
                    Attorney for the defendant
16

17                  Ryan M. Maher / Defendant

18

19

20

21

22

23                                    Thomas R. Frarey
                                      Court Reporter
24

25
```

1          THE CLERK:  The People of the state of New

2     York versus Ryan M. Maher, case number 2014-

3     0057.

4          THE COURT:  The Court will note the appearance

5     of District Attorney William Gabor for the People

6     and Assistant DA Elizabeth Healy for the People.

7     Mr. Maher is appearing with his attorney, William

8     Roth.  Folks, you can be seated.

9          The Court has had a number of discussions with

10    the attorneys in chambers about possible resolution

11    to these charges.  And the last meeting I had was,

12    I don't know if it was a meeting, I got some papers

13    from the DA's Office.  This was on June 25th.  There

14    was a proposal made there which, I understand, Mr.

15    Roth has reviewed with his client and it is

16    acceptable.  We may need to put it in somewhat

17    sharper focus though.  Mr. Gabor, you can go ahead

18    and place this on the record.

19         MR. GABOR:  Judge, thank you.  Your Honor,

20    first of all, the defendant does appear with his

21    attorney, William Roth, for the anticipated purpose

22    of waiving his right to be indicted by grand jury of

23    Madison County and instead consenting to be

24    prosecuted by a superior court information under

25    indictment number 2014-0057 charging him with first

1           count of failure to register internet details, a

2           Class E felony, and endangering the welfare of a

3           child, Class A misdemeanor.

4                Judge, the charges really stem from two

5           different incidents.  One incident involving

6           conduct -- or contact with an underage female.  And

7           the second with his being previously adjudicated a

8           sexual offender and failing to comply with some

9           registration requirements.

10                The agreement is as follows, Judge:  He would

11          plead guilty to both counts in the superior court

12          information.  Thereafter, he would be sentenced

13          on the incident concerning the welfare of a child

14          charge to time served, $200 surcharge, DNA sample

15          and $50 fee, consent to an order of protection in

16          favor of the victim, sentenced on the failure to

17          register the internet details charge the defendant

18          would receive five years probation, surcharge,

19          obtain a sample and fee, and waiver of appeal

20          would be required on both charges.

21                Judge, I have provided a copy of the waiver of

22          indictment and the SCI to counsel for the defendant.

23          I have an order of protection here, when you are

24          ready on the temporary basis, as the underlying

25          order of protection has expired.  And I have

People v. Maher                                                                4

1              proposed waiver of appeal.

2                      THE COURT:  Mr. Roth.

3                      MR. ROTH:  Yes, your Honor.  I have -- I -- I

4              have discussed the offer with my client.  There was

5              some initial confusion.  And he might have had a

6              belief at one point he was going to have credit for

7              six months served on the felony, but I have

8              explained to him that he was not in jail for most of

9              the time.  He was in jail on the misdemeanor

10             charges, the SORA came late.  So, he understands if

11             he is pleading to the felony SORA charge he has got

12             no jail time credit.  He would be getting a

13             straight probation sentence with no jail component

14             up front, and a five years' probation, and he does

15             have that understanding about the endangering

16             charge.  And my only question had been about the

17             waiver of appeal, but I have explained he might

18             have to sign it today.  The paperwork indicated it

19             might be at sentencing, but -- so he wants to

20             accept that offer.  He wants to waive grand jury.

21             And I have explained this to him and he is

22             prepared to go forward.

23                     THE COURT:  Okay.  Now, Mr. Maher, you can

24             remain seated.

25                     MR. MAHER:  Okay.

1              THE COURT:  What you have heard is an offer

2       that is being made to you.  You have no obligation

3       to accept it unless you want to, and if you want to

4       you certainly can.  But, on the other hand, if you

5       want to reject it you are entitled to do that as

6       well.  I am told that lingering out there in the

7       background there was the possibility of you being

8       charged with sexual abuse first degree, a Class D

9       felony.  If the charge were to be brought and if

10      you were convicted of that, if there were any

11      resulting probation, that probation would be for a

12      period of 10 years not 5.  Additionally, because

13      you previously been found to be a sex offender, a

14      subsequent sex offense would result in a presumptive

15      level 3 sex offender finding.  Now, what's being

16      offered to you today is to charge you instead with

17      two counts.  And what would otherwise be the

18      sexual abuse charge is going to be a misdemeanor

19      charge of endangering the welfare of a child, by

20      statute that is not a sex offense, even though it

21      may have a sexual overtone to it, but it is not

22      anything that would result in 10 years of

23      probation nor would it be subject you to another

24      sex offender risk assessment hearing with a

25      possibility of your level going from a level 2 to a

1   level 3.  That is not in play at all.

2          Now, on that endangering charge, you apparently

3   done some time in jail, which has been, as I

4   understand it, more than four months.  So your

5   sentence on the endangering, should you plead

6   guilty, would be six months and with credit for

7   good behavior the six months reduces to four.  So,

8   effectively, you have done the jail time, that is

9   over.  You get full credit for that.

10          Now, there is also in the proposed superior

11   court information a charge of failure to register

12   as a sex offender.  You are to register any online

13   accounts like facebook or anything like that.  And

14   it is alleged you failed to do that.  So, that

15   would result in you being sentenced to probation

16   for a period of five years.  It's a Class E felony.

17   It could be good for up to four years in state

18   prison, but as long as you comply with the terms

19   and conditions of probation, no problem there.  But,

20   obviously, you have to do those things.

21          Now, there would be the surcharges of $325 for

22   the felony, the failure to register; $200 for the

23   misdemeanor endangering the welfare of a child.

24          You would have to submit a DNA sample and

25   possibly you have done that previously, but I think

1          what the state is looking for is the $50 fee.

2          Obviously your DNA hasn't changed, but they are

3          looking for the $50 fee.

4              And the final thing is a waiver of your right

5          to appeal.  Now, it doesn't matter whether guilt is

6          a result of a plea of guilty or a jury verdict,

7          either way you are entitled to appeal, which means

8          taking it to a higher court for review.  The higher

9          court is called the Appellate Division.  And there

10         are five judges who together go over the record of

11         what happened here.  If they find there was any

12         mistakes made or any of your rights violated they

13         can vacate the conviction, they could reduce or

14         totally throw out the sentence, or send everything

15         back here and tell me to do it all over again from

16         the top.  But if you waive your right to appeal,

17         that means you are not going to a higher court for

18         review.  The case would end right here in County

19         Court.  So you understand all of that?

20             MR. MAHER:  Yes, your Honor.

21             THE COURT: Now, to bring these charges, at

22         least the felony charge of failure to register, the

23         DA is ordinarily required, and you have this right

24         guaranteed to you under the constitution, both

25         federal and state constitutions, the DA is

1       obligated to present his proof before an

2       independent body of 23 people called a grand jury.

3       They don't decide whether you are guilty or not.

4       All they decide is, does the DA have enough

5       evidence to accuse you of the crime.  And if they

6       find that he does have that evidence then they

7       make the accusation and it goes into a written

8       document called an indictment.  But you can waive

9       that and instead of there being an indictment

10      coming from a grand jury, it's just the DA charging

11      you all on his own without having to go to a

12      grand jury.  And in that case, the document is

13      called a superior court information.  The only

14      difference between that and an indictment is where

15      it comes from and who signs it, but either way you

16      are charged with a felony.  So, you understand all

17      of that so far?

18              MR. MAHER:  Yes, your Honor.

19              THE COURT:  Now, just because a superior court

20      information has been filed, that by itself does not

21      obligate you to plead guilty to anything.  You

22      would have the right to plead not guilty, of course,

23      by doing that you are rejecting the offer from the

24      DA's Office and it still allows the DA to go back

25      to another grand jury and present proof on sexual

1    abuse.  So, there is that possibility.  If you

2    accept this the DA isn't going to do that.  So,

3    you understand that?

4              MR. MAHER:  Yes.

5              THE COURT:  Okay.  Now, as part of your right

6    to plead not guilty you would be entitled to make

7    pretrial motions.  Those motions could require that

8    we hold hearings.  And if the motions and hearings

9    don't dispose of the case, the case ultimately

10   goes to trial.  At your choice this can be to a

11   jury of 12 or you can waive that and it is to me

12   without a jury, your choice, but either way the

13   burden of proof is on the DA's Office not you.

14   There is nothing that you have to prove or

15   disprove.  The DA has to do all of the proof.  And

16   the standard of proof is proof beyond a reasonable

17   doubt, the higher standard of proof the law

18   requires for anything.  But if you choose to plead

19   guilty then there is no need for motions, no need

20   for hearings, and most importantly no need for a

21   trial.  Do you understand all of that?

22             MR. MAHER:  Yes.

23             THE COURT:  So guilty whether it is by plea

24   or by verdict, guilty is guilty, do you understand

25   that?

1          MR. MAHER:  Yes, sir.

2          THE COURT:  Okay.  Now, if you do plead guilty

3     that is fine.  We have to adjourn it for a period

4     of about eight weeks to have a presentence report

5     done by probation.  During that time there are

6     some things that could happen, these are all within

7     your control, but I will tell you now, any violation

8     of any of these things will hold you to your plea

9     of guilty, but now the limit on your sentence

10    can come off and you could be looking on the E

11    felony of up to four years in state prison.  Now,

12    those things include any new crime committed by you

13    or your arrest on some other charges, that will be

14    a breach of your agreement.  You would have to

15    obviously appear at the time of your sentencing.

16    So any willful failure on your part to show up is

17    going to be a breach of our agreement.  I'm not

18    talking about things that are legitimately beyond

19    your control.  So, if for example you are too ill

20    and in a hospital, we'll work with you on that.

21    But if you just fail to show up or you tell me you

22    forgot about the sentencing date and we are going

23    to have a major problem with that.  Mr. Maher,

24    can I get your mailing address?

25          MR. MAHER:  Uh, 855 Button Road --

People v. Maher                                                      11

1              THE COURT:  Button, B-u-t-t-o-n?

2              MR. MAHER:  Cicero, New York  13039.

3              THE COURT:  13031?

4              MR. MAHER:  13039.

5              THE COURT:  Okay.  Now, we are going to use

6         that to send you a notice.  We are going to give

7         you just a few minutes a date and time for your

8         sentencing.  If we have to charge that, it's not

9         likely, but if we do the only way we have of

10        notifying you of that is by mail.  So if you change

11        your address but you don't let our court clerk

12        know, I mean obviously you will want to let your

13        attorney know, but let our court clerk know you have

14        a new mailing address.

15             MR. MAHER:  Okay.

16             THE COURT:  If you have changed your address

17        and we used the Button Road address and you don't

18        get the notice and for that reason don't show and a

19        willful failure to show up.

20             MR. MAHER:  Always been that address.

21             THE COURT;  All right.  You also have to

22        cooperate with probation. That would mean going

23        from here over to Madison County Probation to

24        start the ball rolling for that presentence

25        report.  They are going to hand it off to Onondaga

People v. Maher                                                        12

1           County Probation and you have to finish it up with

2           them.  If you don't make an appointment or you make

3           an appointment but fail to keep it, that's a

4           breach of our agreement.  You have to truthfully and

5           honestly answer whatever questions they ask of you.

6           If you give them false or misleading answers or you,

7           you know, deny any responsibility for anything

8           here, you know, for example if you plead guilty and

9           tell me you did it and you go tell them that you

10          didn't do it, that is a breach of our agreement,

11          so you understand that?

12                MR. MAHER:  Yes, your Honor.

13                THE COURT:  Okay.  I don't anticipate you

14          having to go to jail between now and the time of

15          your sentencing, my guess is that is not going to

16          happen at all.  But if you get picked up on some

17          new charges or they violate you on your probation

18          or something like that, any disciplinary violation

19          in the jail is also going to be a breach of our

20          agreement.  So, you understand that?

21                MR. MAHER: Yes, your Honor.

22                THE COURT:  I'm also going to sign today a

23          temporary order of protection to tie us over until

24          we get to sentencing.  If you violate that in any

25          respect, that's a new crime.  That is a breach of

1      our agreement.  Do you understand that?

2              MR. MAHER:  Yes.

3              THE COURT:  Okay.  Mr. Maher, do you have any

4      questions about any of that?

5              MR. MAHER:  Not as of right now.

6              THE COURT:  Now, has anybody made any different

7      or additional promises to you than that?

8              MR. MAHER:  No.

9              THE COURT:  So, got all of the cards face up

10     on the table for you.

11             MR. MAHER:  Yes, your Honor.

12             THE COURT:  Has anybody threatened you to

13     waive your right to a grand jury and make a plea

14     of guilty today?

15             MR. MAHER:  No.

16             THE COURT: And Mr. Roth has been your attorney.

17     Have you been satisfied with his services?

18             MR. MAHER:  Yes.

19             THE COURT;  He has answered all of your

20     questions, explained your rights, and told you

21     what could happen if you give up those rights?

22             MR. MAHER: Yes.

23             THE COURT:  Is that what he has told you

24     consistent with what you are hearing from me today?

25             MR. MAHER:  Yes, your Honor.

People v. Maher                                                                    14

1              THE COURT:   Okay.  Mr. Maher, you look bright

2       eyed and bushytailed to me today.  I want to hear

3       it from you.  Do you believe you are thinking

4       clearly today?

5              MR. MAHER:   Yes.

6              THE COURT:   Okay.  So, in the last 24 hours

7       no alcohol, drugs, or medication that makes your

8       thinking fuzzy?

9              MR. MAHER:   Nope, just coffee.

10             THE COURT: Any medication you were supposed to

11      have taken today that you haven't taken?

12             MR. MAHER: No, don't take medicine.

13             THE COURT:   Clear as a bell then?

14             MR. MAHER: Yes, sir.

15             THE COURT;   Do you believe you are being

16      rushed into this?

17             MR. MAHER:   No.

18             THE COURT:   Have you had a chance to think

19      about it, decide what you want to do?

20             MR. MAHER:   Yes.

21             THE COURT:   And the last question I will ask

22      you along these lines, it is going to seem a little

23      unusual, are you a US citizen?

24             MR. MAHER:   I couldn't hear --

25             THE COURT:   Are you a US citizen?

1              MR. MAHER:  Yes.

2              THE COURT:  The reason I'm asking you that,

3         if you are not and you get convicted of a felony

4         they could deport you, but if you are a citizen

5         we have no place to deport you to.

6              Okay.  So, Mr. Maher, do you want to accept

7         the DA's offer?

8              MR. MAHER:  Yes, I do.

9              THE COURT:  First step then would be to sign

10        the waiver of indictment.

11             (Mr. Roth confers with defendant.)

12             THE COURT:  I make a finding that Mr. Maher

13        has signed the waiver here in open court before me

14        today with the assistance of his attorney.  It is

15        not the result of coercion or duress.  So I

16        accept that.  I'm signing now an order approving

17        that waiver, and both the waiver and the order are

18        now filed with the court clerk.

19             So, Mr. Maher, what I have now is a two count

20        superior court information charging you with

21        failure to register and endangering the welfare of

22        a child.  With my assurance to you that your plea

23        of guilty to each of those counts will result in a

24        sentence exactly as I have described it for you

25        today, I'm now going to ask you, do you plead

People v. Maher                                                    16

1           guilty or not guilty?

2                MR. MAHER:  Guilty.

3                THE COURT:  Before I can accept that, I have

4           to have an understanding from you on the first

5           count, the failure to register, you were previously

6           convicted of a felony sex offense, true?

7                MR. MAHER:  Yes.

8                THE COURT: And that was in the town of Cicero

9           Justice Court in 2012, it was a misdemeanor

10          conviction for sexual abuse 2nd degree, correct?

11               MR. MAHER:  Yes.

12               THE COURT:  And at some point after that were

13          you determined to be a level 2 sex offender?

14               MR. MAHER:  Yes.

15               THE COURT:  Okay.  So you have an obligation

16          to register not only your address but any facebook

17          account or other email address you might have and

18          it's that that you failed to do?

19               MR. MAHER:  Yes.

20               THE COURT:  And that was back in January of

21          this year while you were living in the village of

22          Chittenango here in Madison County, correct?

23               MR. MAHER:  Yes.

24               THE COURT:  What was it you failed to

25          register facebook?

1          MR. MAHER:  Facebook, yes.

2          THE COURT:  Facebook account, okay.

3          MR. ROTH:  Might have been a little earlier,

4     he was incarcerated in January.

5          THE COURT:  I see, but it was around that

6     time?

7          MR. MAHER:  (Moves head up and down.)

8          THE COURT:  Now, the second count charging you

9     with endangering the welfare.  You were living with

10    a family at the time and a member of that family was

11    a four year old girl, correct?

12         MR. MAHER:  Yes, your Honor.

13         THE COURT:  And you exposed your penis to her

14    apparently back in December of 2013, correct?

15         MR. MAHER:  Yes.

16         THE COURT:  Where was that address?  Where

17    were you living?

18         MR. MAHER:  My ex-girlfriend's house,

19    Tuscarora.

20         THE COURT:  Tuscarora Road?

21         MR. MAHER:  Yes.

22         THE COURT:  In the village of Chittenango,

23    correct?

24         MR. MAHER:  Yes.

25         THE COURT:  And so you exposed your penis to

People v. Maher                                                    18

1          that child on four different occasions?

2                  (Mr. Roth confers with defendant.)

3                  MR. MAHER:  Yes, I guess.

4                  THE COURT:  One of those occasions you were

5          in the act of masturbating, true?

6                  MR. MAHER:  Yes.

7                  THE COURT: The Court will make a finding that

8          the defendant had made a knowing, intelligent, and

9          voluntary plea to each of the counts in the

10         accusatory instrument.  Again, with the assistance

11         of his attorney.  And not the result of coercion

12         or duress.  So I accept the pleas of guilty and

13         based on it I find him guilty of the failure to

14         register count and the endangering the welfare of a

15         child.

16                 We'll direct probation to prepare a presentence

17         report.  This will be done by Onondaga County.  So

18         we will need about 10 weeks for that.  Dave, can

19         we get a date for sentencing, please?

20                 THE CLERK:  Thursday, October 2nd at 1:30.

21                 THE COURT:  Mr. Roth, okay with you?

22                 MR. ROTH:  Yes, your Honor.  1:30 you said?

23                 THE COURT:  1:30.  And, Mr. Gabor, with your

24         office okay?  So, October 2nd at 1:30 in the

25         afternoon.  Is Mr. Maher out on bail or is he

People v. Maher                                                    19

1            RORed?

2                 MR. ROTH:  I believe he was RORed when the

3            agreement was reached because he had enough time

4            in to satisfy the jail component.

5                 THE COURT:  Mr. Gabor, you okay with that?

6                 MR. GABOR:  Yes, your Honor.

7                 THE COURT:  Okay.  So we will continue

8            Mr. Maher then released on his own recognizance.

9            So his next stop is directly from here -- after he

10           signs the waiver of appeal -- directly over to the

11           probation department to get the ball rolling on

12           that presentence report.

13                MR. GABOR:  I am asking for an extension on

14           the temporary order of protection.

15                THE COURT:  Yes, I will sign this as well.

16           Mr. Roth, we are gong to hand that down to you so

17           your client can sign that temporary order of

18           protection.  And then we will have copes made so

19           he will have that before you leave.

20                I'm now filing the waiver of appeal.

21           Mr. Maher and Mr. Roth have signed that.  That is

22           filed with the court clerk.

23                So, subject to those copies of the temporary

24           order of protection being brought back, we are

25           going to stand in adjournment for sentencing on

People v. Maher                                            20

1              October 2.

2                      Mr. Roth, anything further at this point?

3                      MR. ROTH:  Nothing further, your Honor.

4                      THE COURT:  Mr. Gabor?

5                      MR. GABOR:  No, Judge.

6                      THE COURT:  Then we will see Mr. Maher back

7              here on October 2nd.

8              -----------------------------

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

People v. Maher                                                    21

1

2                    R E P O R T E R S   C E R T I F I C A T I O N

3          I, Thomas R. Frarey, retired court reporter, do hereby

4     certify that the foregoing is a true and correct transcript of

5     my stenographic notes taken in the above-entitled matter at the

6     time and place first above-mentioned.

7

8     Dated:    3-7. 2-22

9

10

11

12

13

14                         Thomas R. Frarey

15                         Retired Court Reporter

16

17

18

19

20

21

22

23

24

25